[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested action for dissolution brought by the Plaintiff wife, against the Defendant husband, on the grounds of irretrievable breakdown.
The Plaintiff wife and Defendant husband were intermarried in Cheshire, Connecticut, on September 2, 1959. There are three children issue of this marriage all of whom have attained the age of majority.
From the credible evidence proffered at trial, the court finds the following chronology of events: Immediately following their marriage the parties resided in West Hartford in a home at 21 Galladet Drive. The Plaintiff, who received her Bachelor's degree from Goucher College in 1955, and later a Master's degree from the University of Hartford and an Associate degree from Yale School of Organizational Management, was employed for five years as a teacher before her first child was born. From 1964 to the present she has done some part time gardening work, some substitute teaching and some part time work in a bookstore, but has primarily taken care of the children and the home while her husband has borne the financial responsibilities of the marriage. The Defendant has a degree from Hobart College and has been employed as a stock broker first with Advest, then with Drexel Burnham as a manager from 1970 through 1989, and after a short period of time with Prudential-Bache, from 1991 to the present he has been with Koburn Meridith, Inc. During the course of the marriage three more homes were purchased two on Pilgrim Road and finally the twelve room, marital residence in question in the instant case at 82 Craigmoor Road, West Hartford. CT Page 9529
This case presents a somewhat unusual set of facts in that, although this is a marriage of over thirty-four years, for the past twenty-four years, following the conception of their youngest child, parties have had no sexual relations. During that time period the Defendant has had extramarital sexual relations with three women: once in 1973 with an eighteen or nineteen year old woman who was caring for their children; a six or seven month relationship with a Margo Sullivan, his then secretary; a one year or more relationship with a Janet Peterson, the wife of a co-worker.
The Plaintiff, at some time, hired a private investigator to confirm the Defendant's affair with Ms. Sullivan. She openly discussed this information with his co-workers at business and social functions in a way which was very demeaning to the Defendant. This was corroborated by two witnesses called by the Defendant, Mark Klein and Elizabeth Ambrosi. Both witnesses also stated that the Plaintiff was less than a neat housekeeper and that she had a quick temper and used profanities directed towards the Defendant at social gatherings. Defendant also stated that Plaintiff used inappropriate language in front of the children when they were young and Plaintiff admitted to such use on infrequent occasions.
During the course of the marriage Plaintiff's parents have given her stock valued on her June 23, 1994 financial affidavit at $96,000. They have also given her an interest in their home in Pine Orchard, Connecticut. The Defendant has also received certain gifts from his parents which include antique furniture, china and silver which have been in his family for generations. These are valued at approximately $74,000. Further, during the course of the marriage, the parties acquired additional antique pieces, paintings and oriental rugs. The marital home has been appraised at $375,000 with approximately $250,000 of equity.
In arriving at financial orders in this case, the court has considered all the criteria contained in Sections 46b-61,46b-81, 46b-82, and 46b-84 of the Connecticut General Statutes. CT Page 9530
Accordingly, dissolution of the marriage shall enter on the grounds of irretrievable breakdown and the following orders shall enter:
 1. Marital home shall be placed on the market with a mutually agreeable agent and, after sale, the net proceeds shall be escrowed to satisfy any joint tax liability. Each party is responsible for one half of the capital gains realized from the sale.
 2. Plaintiff is ordered to sign the joint tax return for 1991.
 3. Plaintiff shall retain gifts of stock and the interest in a home located at Pine Orchard, Connecticut given to her by her parents.
 4. Defendant shall retain antique furniture, china and silver given to him by his parents. The remaining personal property shall be divided equally in a mutually agreeable manner by the parties. If an agreement cannot be reached by the parties, they are ordered to submit an appraisal to the court within sixty days of the filing of this judgment from which the court will fashion an order dividing the personal property.
 5. Defendant shall pay alimony in the amount of $500 per week to the Plaintiff until age 62 when it shall be reduced to $400 per week. Alimony shall terminate upon the Plaintiff's remarriage or the death of either party, whichever shall first occur.
 6. Defendant shall maintain Plaintiff on his health insurance at his expense for a period of three years.
 7. Defendant shall maintain no less than $150,000 in life insurance and name Plaintiff as primary irrevocable beneficiary. Defendant shall provide annual documentation that said life insurance is in full force and effect and proof of the beneficiary named therein.
 8. The Ford Mustang automobiles shall be sold with the proceeds divided equally between the parties.
CT Page 9531
 9. Each party shall be responsible for debts on his/her financial affidavit not covered by any other provision of this order.
 10. Each party shall be responsible for their respective legal expenses.
Santos, J.